IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 15-379-2 |
| DETOINE DAVIS | |

## MEMORANDUM OPINION

Defendant Detoine Davis moves for release on "[h]umanitarian grounds," in consideration of the dangers posed by COVID-19. For the reasons that follow, Davis's motion will be denied.

### I. BACKGROUND

Davis is serving a 75-month sentence for identity theft and fraud offenses and is currently incarcerated at FCI Elkton, in Elkton, Ohio. Davis does not identity any health conditions which would render him particularly susceptible to COVID-related complications.[1] However, he requests early release "[g]iven the pervasiveness of the disease" at FCI Elkton "and its potentially deadly consequences." Indeed, as the Government admits, FCI Elkton "was the scene of a very large outbreak of COVID-19," and as of the writing of this opinion, 358 inmates have tested posited, 9 inmates have died, and 623 inmates have recovered. *See* https://www.bop.gov/coronavirus.[2]

The Government opposes Davis's motion on the basis that he has failed to exhaust his

---

[1] According to the Government, while the "BOP was directed to produce a list of all inmates at the institution [*i.e.*, at FCI Elkton] who are medically vulnerable to an adverse outcome from COVID-19, based on the currently known science[,] Davis is not on that list."

[2] *See Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (noting that a court may take judicial notice of information on a government website).

administrative remedies.

## II. DISCUSSION

Though Davis does not request relief pursuant to a particular statute, the Court construes his "motion for modification of incarceration status" as a request for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c), which governs release of defendants who have already been sentenced. Section 3582(c) "allows incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term of imprisonment. . . ."). Before a court may consider a defendant's petition and engage in aforementioned analysis, however, the defendant must have exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining that a defendant moving a court for compassionate release must first "ha[ve] fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). Since this requirement is prescribed by statute, it cannot be waived, *see Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (explaining that where "Congress has . . . clearly required exhaustion . . . it is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis" (internal quotations and citations omitted)), and "strict compliance" is required, *United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance.").

Here, Davis makes no representation that he made a request for compassionate release to the prison before petitioning this Court.  Because Davis has failed to exhaust his administrative remedies, his request for compassionate release must be denied at this time.  However, Davis may file another motion for compassionate release in the event that he requests compassionate release from the prison and such motion is denied, or, in the event that 30 days elapse from the date of such request without a response.

An appropriate order follows.

**July 21, 2020**                                              **BY THE COURT:**


*/s/ Wendy Beetlestone*
_____
**WENDY BEETLESTONE, J.**